UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:06CV451-3-MU

MICHAEL A. CAMP,  )
　  )
　Petitioner,  )
　  )
　v.  )  **O R D E R**
　  )
STATE OF NORTH CAROLINA[1]  )
　  )
　Respondent.  )
　  )

**THIS MATTER** is before the Court upon Petitioner Michael Camp's (hereinafter "Petitioner") Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254 (Document No. 1), the State's Motion for Summary Judgment (Document No. 6) and Petitioner's Response to Respondent's Motion for Summary Judgment (Document No. 10.)

**I. Procedural Background**

On June 24, 2004 Petitioner pled guilty to three counts of common-law robbery, felonious restraint, attempted common-law robbery and two counts of felony breaking and/or entering.

---

[1] Respondent noted in its Motion for Summary Judgment and this Court agrees that Petitioner named the State of North Carolina as Respondent to this action and not the proper-party Respondent, Mr. Theodis Beck, Secretary of the department of Correction. See Fed. Habeas R. 2(a) and R. 2(a) official commentary (providing that "petition must name as respondent the state officer who has custody" and that habeas petitioners can name head of state's penal institutions as custodian), and N.C.G.S. § 148-4(2005) ("The Secretary of Correction shall have control and custody of all prisoners serving sentence in the State prison system, and such prisoners shall be subject to all the rules and regulations legally adopted for the government thereof."). Therefore, the Court, on its own motion, will direct the Clerk of Court to amend the caption of the instant case to reflect Mr. Theodis Beck as the Respondent in this matter.

1

Pursuant to a plea agreement, all counts were consolidated under one count of felonious restraint and three counts of common-law robbery. Also pursuant to the plea agreement, Petitioner agreed that sentencing would be in the discretion of the trial court. (Ex. 1.) Judge Gentry Caudill sentenced Petitioner to a presumptive-range term of twenty-four to twenty-nine months imprisonment for the felonious restraint conviction, followed by three, consecutive presumptive-range terms of nineteen to twenty-three months for the common-law robbery convictions.

By letter dated June 16, 2005, Tricia Mills, an attorney with North Carolina Prisoner Legal Services, Inc. (NCPLS) informed Judge Caudill that Petitioner had sought assistance from NCPLS and alerted him to a clerical error in the date of a prior conviction on Petitioner's Record Level Worksheet (See Ex. 14.) The error on the worksheet resulted in a miscalculation of Petitioner's prior record level and sentence. Ms. Mills also informed the court that the Assistant District Attorney who prosecuted Petitioner's case agreed that Petitioner's prior record level should have been level III, not level IV as originally calculated.

On June 27, 2005 Petitioner filed a pro se motion to remove Ms. Mills as his attorney, arguing that she and the prosecuting attorney conspired to broker a private deal regarding his sentence without his consent and that she was ineffective for failing to request mitigated, concurrent sentences. (See Ex. 3.) On July 21, 2005 Judge Caudill corrected the Judgment and Commitment forms to reflect Petitioner's correct prior record level and sentence. (Ex. 2.) Specifically, based upon a prior record level of III, Petitioner received a term of twenty to twenty-four months imprisonment for the felonious restraint conviction and three terms of fifteen to eighteen months for the common-law robbery convictions. (Id.)

On July 25, 2005, Petitioner filed his first pro se Motion for Appropriate Relief (MAR) in

which he argued that (1) his defense attorney and Ms. Mills both brokered under-the-table deals with the State; (2) both his defense attorney and Ms. Mills' representation created conflicts of interest; (3) he was coerced into signing his plea; (4) he did not receive anything from his plea deal; (5) he was labeled a level IV offender, when in fact he was a level III offender; (6) his attorneys conspired with the State; (7) he asked Ms. Mills to seek a mitigated sentence, but she did not; (8) Ms. Mills participated in a conflict of interest by contacting the prosecuting attorney; (9) Ms. Mills brokered an under-the-table deal without making a motion in court; and (10) the error on his Prior Record Level Worksheet was not a clerical error because court reporters do not make such errors. (Ex. 4.) By Order dated August 8, 2005, Senior Resident Superior Court Judge Robert P. Johnston denied Petitioner's Motion to Remove Counsel and MAR because neither motion stated a claim upon which relief could be granted. On August 22, 2005 Petitioner filed a pro se petition for writ of certiorari with the North Carolina Court of Appeals seeking review of Judge Johnston's August 2005 Order. (See Ex. 6.) On September 13, 2005, the North Carolina Court of Appeals denied Petitioner's certiorari petition. (Ex. 8.) On November 2, 2005 Petitioner filed a petition for writ of certiorari in the Supreme Court of North Carolina, seeking review of the Court of Appeals' denial of certiorari review. The Supreme Court dismissed Petitioner's certiorari petition on May 4, 2006. (Ex. 9.)

On December 12, 2005, Petitioner filed a second MAR in Superior Court, (Ex. 10), in which he argued that Ms. Mills was ineffective for negotiating/conspiring without making Petitioner aware of the negotiations; that he was not taken before the court when his sentence was corrected; that he was denied his due process rights to self-representation; that he did not know about the resentencing until after it occurred and that Ms. Mills was ineffective for not letting him represent himself. On January 4, 2006, Judge Johnston denied the second MAR, concluding that it failed to state a claim

3

upon which relief could be granted. (Ex. 11.)[2]

On January 18, 2006 Petitioner filed a third pro se MAR. On March 2, 2006, Judge Johnston denied Petitioner's third MAR concluding that Petitioner failed to state a claim upon which relief could be granted and that Petitioner had previously filed two MAR's raising the same issues, both of which were denied by the court. (Ex. 13.)

On October 28, 2006 Petitioner filed the instant Petition in which he contends that (1) the trial court imposed an unauthorized sentence; (2) he received ineffective assistance of counsel; (3) there was prosecutorial vindictiveness in the correction of his sentence and (4) his sentence was corrected unlawfully because he was denied the right to be present.

## II. Standard of Review

Generally speaking, the standard of review to be applied by the Court to habeas cases is "quite deferential to the rulings of the state court." Burch v. Corcoran, 273 F.3d 577, 583 (4th Cir. 2001). Indeed, as the Burch Court noted:

> [p]ursuant to the standards promulgated in 28 U.S.C. § 2254, a federal court may not grant a writ of habeas corpus with respect to a claim adjudicated on the merits in state court proceedings unless the state court's adjudication; (1) "resulted in a decision that was contrary to, or involved as unreasonable application of, clearly established Federal laws, as determined by the Supreme Court of the United States" . . . ; or (2) "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding . . . ."

Id. (Internal citations omitted).

---

[2] Petitioner alleges in the instant petition that he filed a second petition for writ of certiorari in the North Carolina Court of Appeals. However, the State indicated in its Motion for Summary Judgment that upon inquiry with the North Carolina Court of Appeals, the only filing Petitioner made in that court was his August 2005 petition for writ of certiorari. The Court notes that Petitioner has not presented any evidence in his response to the State's Motion for Summary Judgment supporting his claim that he filed a second petition for writ of certiorari.

The Supreme Court has explained that a state court adjudication is "contrary" to clearly established federal law, only if "the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000), quoted in Burch. An unreasonable application is different from an incorrect application of federal law, the former being the requisite showing. Therefore, this Court may not issue the writ even if it concludes in its own independent review, that the relevant state court merely made an incorrect or erroneous application of the correct federal principles. Id.

Finally, the applicable standard of review is to be applied to "all claims 'adjudicated on the merits," that is, those claims substantively reviewed and finally determined as evidenced by the state court's issuance of a formal judgment or decree." Thomas v. Davis, 192 F.2d 445, 455 (4th Cir. 1999).

### III. Analysis

**A. Trial Court Imposed an Authorized Sentence**

As his first claim for relief, Petitioner contends that the trial court imposed an unauthorized sentence by using a nonexistent conviction to enhance his prior record level for purposes of sentencing.

Petitioner is correct that he initially received an incorrect sentence. However, NCPLS attorney Mills alerted the sentencing judge to the clerical error on Petitioner's Prior Record Level Worksheet and Judge Caudill corrected Petitioner's sentence.[3] (Ex. 14.) When originally sentenced, Petitioner

---

[3] Petitioner's Prior Record Level Worksheet listed two felony larceny convictions occurring on 11/14/93 and 7/16/93, (Ex. 1), when in fact those convictions occurred on the same day, July 16, 1993 (Ex. 14.) Under North Carolina law, "[f]or purposes of determining the prior

5

received a presumptive-range term of twenty-four to twenty-nine months imprisonment for the felonious restraint conviction, followed by three presumptive-range terms of nineteen to twenty-three months for the common-law robbery convictions based upon an erroneous prior record level of IV. As a corrected sentence, and based upon a correct record level of III, Petitioner received a term of twenty to twenty-four months imprisonment for the felonious restraint conviction and three terms of fifteen to eighteen months for the common-law robbery convictions. A comparison of Petitioner's original sentence, corrected sentence and North Carolina's Structured Sentencing Chart reveals that Judge Caudill simply adjusted Petitioner's sentence based upon the correct prior record level of III. (See N.C.G.S. § 15A-1340-17(c).) Because the state trial judge corrected Petitioner's sentence when he became aware of the clerical error on Petitioner's Record Level Worksheet, Petitioner's first claim is moot and therefore is dismissed.

### B. Petitioner Did Not Receive Ineffective Assistance of Counsel

Petitioner's second claim is that NCPLS attorney Mills was ineffective because Petitioner wanted to be brought back into court for resentecing due to a clerical error and instead Ms. Mills negotiated with the prosecutor and agreed to a sentence which the court imposed without a hearing.

Ms. Mills was not Petitioner's criminal trial counsel. Instead, Ms. Mills is employed by the NCPLS and was brought in by Petitioner a year after he was sentenced to remedy a clerical sentencing error. Ms. Mills' representation is akin to that of post-conviction counsel. It is well established that state prisoners have no right to post-conviction counsel and therefore cannot claim ineffective

---

record level, if an offender is convicted of more than one offense in a single superior court during one calendar week, only the conviction for the offense with the highest point total is used." N.C.G.S. § 15A-1340.14(d) (2005). Therefore, only one of the two noted larceny convictions should have been used to calculate Petitioner's prior record level and thus should have resulted in a prior record level of III, not level IV as originally calculated.

assistance of post-conviction counsel. See Coleman v. Thompson, 501 U.S. 722, 752 (1991) (holding that because there is no right to post-conviction counsel, a claim of ineffective assistance of post conviction counsel cannot serve as cause to excuse defaulted claims); Mackall v. Angelone, 131 F.3d 442, 449 (4th Cir. 1997) (same), cert. denied, 522 U.S. 1100 (1998). Therefore, claims of ineffective assistance of post-conviction counsel are not cognizable on federal habeas review.

Additionally, even if this Court were to allow Petitioner's claim of ineffective assistance of counsel claim against Ms. Mills, Petitioner has not stated a claim because Ms. Mills' performance was not deficient nor was Petitioner prejudiced thereby. See Strickland v. Washington, 466 U.S. 668 (1984). Due to Ms. Mills' actions, Petitioner received the only remedy to which he was entitled - that being a corrected sentence based upon a correction of a clerical error in his Prior Record Level Worksheet. Indeed, due to Ms. Mills' assistance in correcting Petitioner's prior record level, Petitioner's sentence was reduced. Simply put, Petitioner has not established that Ms. Mills was ineffective as he has not shown deficient performance or prejudice.

**C. There Is No Evidence of Prosecutorial Vindictiveness**

Next Petitioner contends that there was prosecutorial vindictiveness because the prosecutor and Ms. Mills conspired together to have him sentenced to the upper end of the presumptive sentencing range. Petitioner's claim is conclusory and unsupported in the record. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir. 1992) ("In order to obtain an evidentiary hearing on an ineffective assistance of counsel claim - or for that matter, on any claim, a habeas petitioner must come forward with some evidence that the claim might have merit. Unsupported, conclusory allegations do not entitle a habeas petitioner to an evidentiary hearing."); see also Young v. Herring, 938 F.2d 543, 559 (5th Cir. 1991) ("Because Young fails to show that his allegations of a grand conspiracy to convict

unjustly are other than frivolous or incredible, we conclude that he has not established his right to a federal evidentiary hearing."); Zettlemoyer v. Fulcomer, 923 F.2d 284, 301 (3rd Cir. 1991) ("Bald assertions and conclusory allegations do not provide sufficient grounds to warrant . . . an evidentiary hearing."). Petitioner has not presented any evidence in support of this claim. Nor can Petitioner attempt to present any evidence unless it was first presented to the state courts. See Wilson v. Moore, 178 F.3d 266, 272-73 (4th Cir.) (Providing that affidavit not presented to state court cannot be considered on federal habeas review), cert. denied, 528 U.S. 880 (1999); Bell v. Jarvis, 236 F.3d 149, 171 n. 13 (4th Cir. 2000) (same), cert. denied, 534 U.S. 830 (2001).

Petitioner's claim that the prosecutor engaged in prosecutorial vindictiveness when she and Ms. Mills conspired together to have him sentenced to the upper end of the presumptive range is conclusory and unsupported by the record. Indeed, Judge Caudill simply adjusted Petitioner's sentence based upon the correct prior record level. Petitioner has done no more than assert a conclusory allegation that has no support in the record. Therefore, Petitioner's claim of prosecutorial vindictiveness is dismissed.

**D. Petitioner's Sentence Was Not Corrected Unlawfully**

As his last claim for relief, Petitioner contends that his sentence was corrected unlawfully because he was denied his right to be present and to allocute. Petitioner did not properly present this claim to all relevant state courts in one complete round of review. Instead, Petitioner first raised this claim in his petition for writ of certiorari with the North Carolina Court of Appeals seeking review of the denial of his first MAR. Petitioner then raised the substance of this claim in his second MAR, which was denied on its merits. However, Petitioner failed to file a subsequent petition for writ of

8

certiorari challenging the denial of the second MAR in the North Carolina Court of Appeals.[4]

Absent a valid excuse, a state prisoner must exhaust his remedies in state court before seeking federal habeas corpus relief. See 28 U.S.C. § 2254(b). Petitioner bears the burden of proving exhaustion. See Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998); Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997). If a petitioner cannot meet this burden as to every claim, the entire petition ordinarily will be dismissed. However, a district court does retain jurisdiction to deny a petition on its merits notwithstanding the petitioner's failure to satisfy the exhaustion requirement. 28 U.S.C. § 2254(b)(2). In this instant case, the Court will exercise its jurisdiction to consider Petitioner's Petition on the merits notwithstanding Petitioner's failure to exhaust this claim.

It is well established that a criminal defendant has a due process right to be present at all critical stages of his criminal proceeding. United States v. Gagnon, 470 U.S. 522, 526 (1985). Sentencing is a critical stage. Mempa v. Rhay, 389 U.S. 128, 134 (1967). However, it is well established that courts have the inherent "power and duty to correct judgments which contain clerical errors or judgments which have issues due to inadvertence or mistake." American Trucking Assocs., Inc. V. Frisco Trans. Co., 358 U.S. 133, 145 (1958). The United State Supreme Court has never held that the performance of the ministerial task of correcting a clerical error in sentencing requires a defendant's presence. In fact, the Eleventh Circuit has held that such an action does not trigger the constitutional right to be present. U.S. v. Pertillo, 363 F.3d 1161, 1165-66, cert. denied, 543 U.S. 975

---

[4] Although Petitioner argues that he filed a writ of certiorari in both the Supreme Court and the North Carolina Court of Appeals following the denial of his second MAR, this Court confirmed with the North Carolina Court of Appeals that Petitioner did not file a writ of certiorari in the North Carolina Court of Appeals following the denial of his second MAR. The North Carolina Court of Appeals did however, certify the Supreme Court's order denying Petitioner's writ of certiorari on May 15, 2006.

(2004).

Here, Petitioner recognized that an error was made in calculating his prior record level. Ms. Tricia Mills, an attorney with North Carolina Legal Services, alerted the sentencing judge and the assistant district attorney of the error a year after Petitioner was originally sentenced. Ms. Mills explained to the sentencing judge that both she and the assistant district attorney agreed that Petitioner's prior record level should have been a level III and not a level IV as originally calculated. On July 21, 2005, Judge Caudill corrected the Judgment and Commitment forms to reflect Petitioner's correct prior record level and sentence. Specifically, based upon a prior record level of III, Petitioner received a term of twenty to twenty-four months imprisonment for the felonious restraint and three terms of fifteen to eighteen months for the common-law robbery convictions. A comparison of Petitioner's original sentence, corrected sentence and North Carolina's Structured Sentencing Chart reveals that Judge Caudill simply adjusted Petitioner's sentence based upon the correct prior record level, that being a Level III. The Court did no more than correct Petitioner's prior record level and sentence accordingly. Despite Petitioner's contention to the contrary, he could not have received mitigated and/or concurrent sentences if he had an opportunity to be heard prior to the correction. Petitioner's opportunity to argue for mitigation was at his original sentencing. The clerical error in his the computation of his prior record was corrected. Petitioner received exactly what he was entitled to – a corrected sentence based on his, correctly computed, prior record level. Petitioner was not entitled to re-argue mitigating factors as a result of the clerical error. While it may have been preferable to have Petitioner present when the Court corrected the computation error in his Prior Record Level, Petitioner's absence does not rise to the level of a deprivation of due process. Cook v. United States, 426 F.2d 1358, 1360 (5th Cir. 1970). Therefore, Petitioner's claim that his

sentence was corrected unlawfully because he was denied his right to be present and to allocute is denied.

### IV. Order

For the foregoing reasons, it is hereby ordered that:

1) The Clerk of Court amend the caption of the instant case to reflect Mr. Theodis Beck as the Respondent in this matter; and

2) The Respondent's Motion for Summary Judgment (Document No. 6) is **GRANTED** and Petitioner's Petition for a Writ of Habeas Corpus (Document No. 1) is **DENIED and DISMISSED**.

**SO ORDERED**.

Signed: March 6, 2007

Graham C. Mullen
United States District Judge